**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**MISSOULA DIVISION**

MAY 01 2018

Clerk, U.S. Courts
District Of Montana
Missoula Division

| | |
|---|---|
| KURT BJORGEN, | CV 17–134–M–DLC |
| Plaintiff, | |
| vs. | ORDER |
| MARCO TECHNOLOGIES, LLC; and DOES 1-5, | |
| Defendants. | |

Before the Court is Defendant Marco Technologies, LLC's ("Marco")

motion to dismiss, stay, or transfer pursuant to Federal Rule of Civil Procedure

12(b)(6). Marco argues that this case should be dismissed, transferred, or stayed

due to the existence of a valid forum-selection clause that Plaintiff Kurt Bjorgen

("Bjorgen") agreed to in his employment-related contracts with Marco. For the

reasons explained below, the Court grants the motion and transfers this proceeding

to United States District Court for the District of Minnesota.

**FACTUAL AND PROCEDURAL BACKGROUND**

Marco is a retail business-to-business technology company headquartered in

St. Cloud, Minnesota. Marco primarily sells copiers and printers, manages IT and

Cloud services, and provides other specialty business IT services. Marco does not

have a physical presence in Montana, but conducts business in northeastern Montana.

In early October 2013, Marco offered Bjorgen employment as a Technology Advisor for a sales territory that included northeastern Montana and northwestern North Dakota, with David Zieske ("Zieske") serving as Bjorgen's manager. On October 3, 2013, Bjorgen was emailed two employment-related agreements ("Employment Agreements") from Marco and was told to sign and return the documents as a condition of his employment. The Employment Agreements included a Confidential Information, Non-Competition, Non-Solicitation, and Work Product Agreement ("Agreement I") and an Employee Confidential Information Agreement ("Agreement II").

Both of the Employment Agreements contained forum-selection clauses requiring that any litigation arising out of the Agreements would be venued in Minnesota. Bjorgen signed the Agreements remotely from his residence in Westby, Montana. During the entire term of his employment with Marco, Bjorgen worked out of his home in Westby. Bjorgen did not conduct any sales work in Minnesota during his employment with Marco.

On or about April 26, 2017, Zieske gave Marco notice that he intended to resign his employment with Marco. Zieske subsequently accepted employment with 360 Office Solutions in Billings, Montana. On or about August 18, 2017,

-2-

Bjorgen similarly gave Marco notice he intended to resign his employment. Bjorgen also subsequently accepted employment with 360 Office Solutions.

On September 7, 2017, Marco filed suit against Bjorgen and Zieske in Minnesota state district court, alleging that Bjorgen and Zieske violated the Employment Agreements, misappropriated trade secrets and confidential information, and committed tortious interference. On October 4, 2017, Zieske removed the Minnesota suit to United States District Court for the District of Minnesota.

On September 21, 2017, Bjorgen filed the instant lawsuit. Bjorgen's Complaint seeks a declaratory judgment that the choice of law and venue requirements of the Employment Agreements be enforced in Montana rather than Minnesota. Bjorgen's Complaint additionally seeks a declaratory judgment voiding the non-compete clause in Agreement I. Finally, Bjorgen alleges tortious interference and abuse of process claims against Marco.

## LEGAL STANDARD

Rule 12(b)(6) motions test the legal sufficiency of a pleading. Fed. R. Civ. P. 12(b)(6). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when the court can draw a "reasonable inference" from the facts alleged that the defendant is liable for the misconduct alleged. *Id.*  These facts need not be overly specific, but they must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6), the court is generally limited to the allegations of the complaint, "which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). Nonetheless, a court may dismiss a complaint if it lacks a cognizable legal theory. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88 F.3d 780, 783 (9th Cir. 1996).  Dismissal for failure to state a claim is proper only "if it appears beyond doubt" that the non-moving party "can prove no set of facts which would entitle him to relief." *Vasquez v. L.A. County,* 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks and citation omitted).

## DISCUSSION

### I.    Rule 12(b)(6) Motion and Forum-Selection Clauses

The appropriateness of dismissal under Rule 12(b)(6) for failure to state a claim based on the presence of a forum-selection clause remains an open issue of

law.[1] *Atl. Marine Constr. Co. v. United States Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 61 (2013); *see also Smith v. Aegon Cos. Pension Plan,* 769 F.3d 922, 934 (6th Cir. 2014). The possibility of a Rule 12(b)(6) motion being used to enforce a forum-selection clause was specifically acknowledged in *Atlantic Marine*. 571 U.S. at 61. However, the Supreme Court declined to consider whether dismissal under Rule 12(b)(6) is appropriate when the plaintiff files suit in a district other than the one specified in the forum-selection clause. *Id.*

In *Atlantic Marine*, the Supreme Court acknowledged that Rule 12(b)(3) and 28 U.S.C. § 1406(a) had previously allowed for dismissal when venue is "wrong" or "improper." *Id.* at 55. However, the Supreme Court recognized that whether venue is "wrong" or "improper" depends on whether the court in which the case was brought satisfies the requirements of federal venue laws under 28 U.S.C. § 1391. *Id.* at 55–57. Therefore, the Supreme Court held that Rule 12(b)(3) and 28 U.S.C. § 1406(a) were improper motions for granting dismissal on the basis of a forum-selection clause because a forum-selection clause does not render venue in a court "wrong" or "improper" as that determination is made under 28 U.S.C. § 1391. *Id.* at 58–59.

---

[1] Marco captioned its motion as a motion to dismiss, stay, or transfer under Rule 12(b)(6). (Doc. 4.) Bjorgen argues that Marco's motion should be governed under Rule 12(b)(3) because a motion to enforce a forum-selection clause should be treated as a motion to dismiss for improper venue. (Doc. 10 at 10.)

Accordingly, the Supreme Court in *Atlantic Marine* held that "the appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens* pursuant to 28 U.S.C. § 1404(a). *Id.* at 60. The Court noted that "[e]ven if a defendant could use Rule 12(b)(6) to enforce a forum-selection clause, that would not change our conclusions that § 1406(a) and Rule 12(b)(3) are not proper mechanisms to enforce a forum-selection clause[.]" *Id.* at 61. "[S]ection 1404(a) and the *forum non conveniens* doctrine provide appropriate enforcement mechanisms." *Id.*

Where the proposed alternative forum is another federal court, and not another country, the appropriate mechanism to enforce a forum-selection clause is a motion to transfer under the doctrine of *forum non conveniens* as guided by the factors found under 28 U.S.C. § 1404(a). *Id.* at 60; *see also Nibirutech Ltd v. Jang*, 75 F. Supp. 3d 1076, 1080 (N.D. Cal. 2014). "Section 1404(a) is . . . a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system; in such cases, Congress has replaced the traditional remedy of outright dismissal with transfer." *Atlantic Marine*, 571 U.S. at 60; *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430 (2007).

Bjorgen argues that Marco's motion should be construed under Rule 12(b)(3) because a motion that seeks to enforce a forum-selection clause should be

-6-

treated as a motion to dismiss for improper venue. (Doc. 10 at 10.) However,

Bjorgen generally relies upon federal case law prior to the Supreme Court's

decision in *Atlantic Marine*, or inapplicable Montana or Minnesota cases, in

arguing that Marco's motion should be construed as a motion under Rule 12(b)(3).

(Doc. 10 at 10–11.) Additionally, the Supreme Court's holding in *Atlantic Marine*

explained that a Rule 12(b)(3) motion is an improper motion to enforce a forum-

selection clause, and reserved opinion on whether a motion under Rule 12(b)(6)

was appropriate. Therefore, Marco's motion to dismiss, stay, or transfer will not

be construed as a motion to dismiss for improper venue under Rule 12(b)(3).

In the alternative, Marco seeks a dismissal, transfer, or stay of this matter

under the doctrine of *forum non conveniens*. (Doc. 7 at 16–20.). The proposed

alternative forum in this matter is United States District Court for the District of

Minnesota. *Atlantic Marine* illustrates that the appropriate mechanism for

enforcing forum-selection clauses for cases where the transferee forum is in the

federal court system is through a motion to transfer under the doctrine of *forum

non conveniens*. *Atlantic Marine* further reserved ruling regarding whether

outright dismissal under Rule 12(b)(6) would be appropriate. Thus, Marco's Rule

12(b)(6) motion to dismiss will be construed as a motion to dismiss, transfer, or

stay under the doctrine of *forum non conveniens*, as guided by 28 U.S.C. § 1404(a).

## II.    *Forum Non Conveniens* under 28 U.S.C. § 1404(a)

Under 28 U.S.C. § 1404(a), the court "may transfer any civil action to any

other district or division where it might have been brought or to any district or

division to which the parties have consented" provided such transfer is "[f]or the

convenience of parties and witnesses" and "in the interest of justice."  28 U.S.C. §

1404(a); *see Atlantic Marine*, 571 U.S. at 62–63.  "Section 1404(a) is intended to

place discretion in the district court to adjudicate motions for transfer according to

an 'individualized, case-by-case consideration of convenience and fairness.'"

*Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (quoting *Van Dusen v.*

*Barrack*, 276 U.S. 612, 622 (1964)).  The purpose of 28 U.S.C. § 1404(a) is "to

prevent the waste of time, energy and money and to protect litigants, witnesses,

and the public against unnecessary inconvenience and expense."  *Van Dusen*, 276

U.S. at 616 (internal quotations omitted).

Where parties have contracted to a valid forum-selection clause, "a district

court should ordinarily *transfer* the case to the forum specified in that clause."

*Atlantic Marine*, 517 U.S. at 62 (emphasis added).  Enforcement of a forum-

selection clause should be refused "only under extraordinary circumstances

unrelated to the convenience of the parties."  *Id.* at 62; *see Adema Techs., Inc. v.*

*Wacker Chem. Co.*, 657 Fed. App'x 661, 662 (9th Cir. 2016).  "When parties have

contracted in advance to litigate disputes in a particular forum, courts should not

-8-

unnecessarily disrupt the parties' settled expectations." *Atl. Marine Constr.*
*Co.,* 571 U.S. at 66. Accordingly, "in all but the most unusual cases . . . the
interest of justice is served by holding parties to their bargain." *Id.* at 66 (internal
quotations omitted).

## A.   Enforceability of the Forum-Selection Clauses

In *Atlantic Marine*, the Supreme Court held that "proper application of §
1404(a) requires that a forum-selection clause be 'given controlling weight in all
but the most exceptional cases.'" 571 U.S. at 60 (quoting *Stewart*, 487 U.S. at 33);
*see also In re Orange, S.A.*, 818 F.3d 956, 961 (9th Cir. 2016). The Supreme
Court has also previously recognized that forum-selection clauses are "prima facie
valid and should be enforced unless enforcement is shown by the resisting party to
be *unreasonable* under the circumstances." *M/S Bremen v. Zapata Off-Shore Co.*,
407 U.S. 1, 10 (1972) (internal quotations omitted) (emphasis added); *see also*
*Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1141 (9th Cir. 2004); *Spradlin v.*
*Lear Siegler Mgmt. Servs. Co., Inc.*, 926 F.2d 865, 867–68 (9th Cir. 1991). A
party seeking to avoid a "forum-selection clause bears 'a heavy burden of proof.'"
*Richards v. Lloyd's of London*, 135 F.3d 1289, 1294 (9th Cir. 1998)
(quoting *Bremen*, 407 U.S. at 17).

In federal court, federal law controls the question of whether a forum-
selection clause is enforceable. *See Manetti–Farrow Inc. v. Gucci America, Inc.*,

-9-

858 F.2d 509, 513 (9th Cir. 1988). "The structure of the federal venue provisions

confirms that they alone define whether venue exists in a given forum." *Atlantic*

*Marine*, 571 U.S. at 56. Therefore, enforcement of a forum-selection clause is

only unreasonable: "(1) 'if the inclusion of the clause in the agreement was the

product of fraud or overreaching'; (2) 'if the party wishing to repudiate the clause

would effectively be deprived of his day in court were the clause enforced'; and (3)

'if enforcement would contravene a strong public policy of the forum in which suit

is brought.'" *Richards*, 135 F.3d at 1294 (quoting *Bremen*, 407 U.S. at 12–13). In

determining the enforceability of forum-selection clauses in Montana, the Montana

Supreme Court found that "[f]orum-selection clauses are not presumptively void as

against public policy." *Polzin v. Appleway Equip. Leasing, Inc.*, 191 P.3d 476, 482

(Mont. 2008); *see Frontline Processing Co. v. Merrick Bank Co.*, 2013 WL

12130638, at *3–4 (D. Mont. May 29, 2013).

The forum-selection clause at issue in Agreement 1 specifically provides:

This Agreement shall be governed for all purposes by the Laws of the
State of Minnesota. The parties agree that the venue for any litigation
or other proceeding arising out of, or relating to, this Agreement shall
be in the State of Minnesota.

(Doc. 5-1 at 3.) The forum-selection clause at issue in Agreement 2 specifically

provides:

This Agreement shall be construed and governed in accordance with
the laws of the state of Minnesota. Any actions to interpret or enforce
this Agreement shall be brought in the state or federal courts of

-10-

Minnesota, which shall have exclusive jurisdiction over such actions,
and Employee consents to jurisdiction therein.

(Doc. 5-2 at 3.)

Here, the forum-selection clauses contained within the Employment
Agreements are not unreasonable. Instead, they are routine and not dissimilar to
those regularly utilized by employers in typical employment-related agreements.
There is no evidence that there was fraud or undue influence exerted by Marco in
getting Bjorgen to sign the Employee Agreements. Further, the Minnesota forum
selected by the clauses is a reasonable forum that is not so "gravely difficult" as to
deprive Bjorgen a day in court because Bjorgen knew that he was contracting to do
business with a Minnesota company.

Enforcement of the forum-selection clauses here would also not offend
public policy. Bjorgen argues that Montana has a strong public policy against
forum-selection clauses, as articulated by Mont. Code Ann. § 28–2–708.
However, the Supreme Court clearly articulated in *Atlantic Marine* that the guiding
policy in adjudicating federal venue provisions is by federal rule, and not Montana
state law. Therefore, under *Atlantic Marine*, an exceptional case would have to be
shown in order to invalidate the forum-selection clauses at issue here. This matter
does not present an exceptional case, and is instead a dispute about a typical
provision in an employment contract. Furthermore, the Montana Supreme Court
previously held in *Polzin*, and this Court recognized in *Frontline*, that the public

-11-

policy embodied in Mont. Code Ann. § 28–2–702 is not so strong as to automatically invalidate a forum-selection clause as void under public policy. *Polzin*, 191 P.3d at 482; *see Frontline*, 2013 WL 12130638 at \*3–4. Consequently, Bjorgen cannot establish that the forum-selection clauses in the Employment Agreements are unreasonable and unenforceable.

### B.    Dismissal under 28 U.S.C. § 1404(a)

A federal court has discretion to dismiss on the doctrine of *forum non conveniens* "when an alternative forum has jurisdiction to hear [the] case, and . . . trial in the chosen forum would establish . . . oppressiveness and vexation to a defendant . . . out of all proportion to plaintiff's convenience, or . . . the chosen forum [is] inappropriate because of considerations affecting the court's own administrative and legal problems." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 429 (2007) (citations omitted).  A plaintiff may not choose an inconvenient forum in order to inflict upon a defendant "expense or trouble not necessary to his own right to pursue his remedy." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947).  *Forum non conveniens* permits "displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Sinochem*, 549 U.S. at 429–30 (citing *Am. Dredging Co. v. Miller,* 510 U.S. 443, 453 (1994)).  If dismissal under *forum non conveniens* is appropriate, the court need not address other grounds for

-12-

dismissal. *See Fine v. Cambridge Int'l Sys.,* 584 Fed. App'x. 695, 696 (9th Cir. 2014) (citing *Sinochem*, 549 U.S. at 425).

In the federal court system, "Congress has . . . provided for transfer, rather than dismissal, when a sister federal court is the more convenient place for trial of the action. *Sinochem*, 549 U.S. at 430; *see* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may *transfer* any civil action to any other district or division where it might have been brought.") (emphasis added). "A *forum non conveniens* dismissal denies audience to a case on the merits; it is a determination that the merits should be adjudicated elsewhere." *Sinochem*, 549 U.S. at 432 (internal quotations and citations omitted). Therefore, a district court may only dismiss a case under *forum non conveniens* "when considerations of convenience, fairness, and judicial economy so warrant." *Id.*

Given the Supreme Court's holdings under *Atlantic Marine*, *Sinochem*, and the statutory language of 28 U.S.C. §1404(a), transfer under 28 U.S.C. §1404(a) is most appropriate here because the alternative forum is a sister federal court. The alternative forum in this matter is United States District Court for the District of Minnesota. Thus, Marco's Rule 12(b)(6) motion to dismiss, transfer, or stay this matter will be considered as a motion to transfer under 28 U.SC. § 1404(a).

-13-

### C.    Transfer under 28 U.S.C. § 1404(a)

Under a typical *forum non conveniens* analysis, the court considers "(1) whether an adequate alternative forum exists; and (2) whether the balance of private and public interest factors favors dismissal." *Lueck v. Sunstrand Corp.,* 236 F.3d 1137, 1142 (9th Cir. 2001). However, "[t]he calculus changes . . . when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Atl. Marine Constr. Co.,* 571 U.S. at 63; *see also Drake Water Techs., Inc. v. National-Oilwell Varco, L.P.,* 2017 WL 2418253, at *2 (D. Mont. June 2, 2017).

The existence of a valid forum-selection clause changes the usual 1404(a) analysis for district courts in three ways. "First, the plaintiff's choice of forum merits no weight." *Id.* at 63. Instead, "as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.*

Second, the court "should not consider arguments about the parties' private interests" such as convenience. *Id.* at 64. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient . . . [a] court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id.* Therefore, "a district court may consider arguments about public-interest factors only." *Id.* Public-interest

-14-

factors that may be considered include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Id.* at 62 n.6 (citing *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 241 n.6 (1981)). Since appeal to only public factors will "rarely defeat a transfer motion" the practical outcome is that forum-selection clauses regularly control except in unusual cases. *Id.*

Finally, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Id.* A federal court sitting in diversity ordinarily must follow the choice-of-law rules of the State in which it sits. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 494–496, (1941). However, in *Van Dusen*, the Supreme Court identified an exception when determining 28 U.S.C. § 1404(a) transfers and required that the state law applicable in the original court also apply in the transferee court to discourage forum shopping. *See Van Dusen*, 376 U.S. at 639.

But in *Atlantic Marine*, the Supreme Court clarified that "a plaintiff who files suit in violation of a forum-selection clause enjoys no such privilege with respect to its choice of forum, and therefore it is entitled to no concomitant state-

-15-

law advantages." 571 U.S. at 65 (internal quotations and citations omitted).

Therefore, a district court should not employ the *Van Dusen* rule "when a transfer

stems from enforcement of a forum-selection clause: The court in the contractually

selected venue should not apply the law of the transferor venue to which the parties

waived their right." *Id.* at 65–66.

Here, the Court cannot consider private interest factors. Under *Atlantic Marine*, the Court must deem any private interest factor in favor of transferring the

case to the United States District Court for the District of Minnesota to enforce the

forum-selection clause as agreed to by the parties. Therefore, the Court can only

consider public interest factors.

The public interest factors present here do not so overwhelmingly disfavor

transfer. Public interest weighs in favor of transfer to Minnesota because

Minnesota has interest in enforcing contracts entered into by Minnesota citizens in

accordance with the parties' expectations. Further, the choice of law provisions in

the Employment Agreements specify using Minnesota law. (Doc. 5-1 at 3; Doc. 5-

2 at 3.) Thus, transferring this case to a court within Minnesota is appropriate.

Therefore, although Montana has interest in resolving the controversy

because Bjorgen's employment with Marco occurred in Montana, and Bjorgen

resided in Montana during his employment, there are no unusual circumstances

present in this case to counteract the presumption of enforcing a valid forum-

selection clause under *Atlantic Marine*. Moreover, the public interest factors here do not weigh in favor of rendering the forum-selection clauses in the Employment Agreements unenforceable. Thus, the Court will enforce the forum-selection clauses and transfer this matter.

**III.    Motion to Intervene**

The Court reserves ruling on Zieske's Motion to Intervene (Doc. 8) since that motion should be handled by the United States District Court for the District of Minnesota upon transfer.

Accordingly, IT IS ORDERED that Defendant's Motion to Dismiss, Transfer, or Stay for Failure to State a Claim (Doc. 4) is GRANTED. The above-captioned matter is hereby transferred to United States District Court for the District of Minnesota.

DATED this 1st day of May, 2018

Dana L. Christensen, Chief Judge
United States District Court

-17-